**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Rachel K. Sowray
Special Assistant U.S. Attorney
Rachel.Sowray@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 8, 2020

Ms. Francesca Freccero
Federal Public Defender's Office
101 SW Main St., Suite 1700
Portland, Oregon 97204

    Re:   *United States v. Erick Carlsen*
           Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant Erick Carlsen agrees to plead guilty to a one-count Information which charges the misdemeanor crime of Attempts to Interfere with the Administration of the Social Security Act, in violation of 42 U.S.C. § 1320a-8b.

3.   **Penalties**: The maximum sentence is one year imprisonment, one year of supervised release, a fine of $3,000, and a $100 fee assessment. Defendant agrees to pay the ~~$100~~ [$25] fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

    (1) Defendant knowingly made threats of force, including any threatening letter
        or communication;

(2) Defendant acted with the intent to intimidate or impede any officer, employee, or contractor of the Social Security Administration; and

(3) The officer, employee, or contractor of the Social Security Administration was acting in an official capacity to carry out a duty under the Social Security Act;

The government need not prove that defendant intended to carry out the threat. Defendant admits the elements of the offense alleged in Count One of the Information.

6. **Admissions:** As part of the plea agreement, Defendant admits the elements of the offense alleged in Count One of the Information, and agrees the government could prove the following:

The defendant engaged in threatening behavior toward the Social Security Administration (SSA) and its employees who were acting in their official capacity. The defendant did this with the intent to attempt to intimidate or impede these employees from administering the Social Security Act.

On April 19, 2019, defendant's therapist reported that the defendant threatened "an epic event" at SSA because he was upset about his benefit application not being granted. On July 24, 2019, defendant waiting for his SSA benefits hearing to start when he became very angry and fired his attorney, which caused the hearing to be set over. Defendant then threatened to see the judge whether or not he had a hearing, using foul and loud language. He used his phone to record his rant and posted it to Facebook, saying "it's time to make f-----s pay." Defendant left a voicemail for a SSA-OIG special agent on September 11, 2019, which was prior to his next scheduled benefits hearing. He said, "I'm going to go to this hearing and people are going to f---ing pay." Thirty minutes later defendant posted on Facebook "WHY DO PEOPLE GO ON SHOOTING SPREES" and further explained "I will make the front page and air on every TV station." A concerned citizen notified law enforcement about the Facebook post.

Federal agents contacted defendant at his home on September 12, 2019, and he complied with orders but was visibly clenching his jaw and fists. He answered questions and expressed anger about the SSA benefits process. When asked if he'd hurt anyone at his SSA hearing, defendant said he wouldn't take a weapon but would do what he had to in order to get noticed. He asked the officers to leave because it was very hard for him and said "Can't you see what this is doing to me?"

When contacted, defendant's wife confirmed that there were firearms in the home. She stated they were locked in a safe and she had the only key. Defendant suffers from a traumatic brain injury (TBI), for which he is prescribed medication.

Defendant's actions occurred within the District of Oregon.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2X5.2 is a Base Offense Level of six (6).

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Sentencing Recommendation**: As long as defendant demonstrates an acceptance of responsibility as explained above, the parties are jointly recommending a five-year term of probation, continued mental health treatment, including taking prescription medications as prescribed, any other treatment recommended by the United States Probation Office, no contact with SSA and its employees unless previously authorized by the probation officer, and to not possess any firearms, including not having any firearms in his residence.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, except as agreed upon herein, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance

of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by January 17, 2020, at 4:30 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

RACHEL K. SOWRAY

Special Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5-25-20
Date

ERICK CARLSEN, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

May 28 2020
Date

FRANCESCA FRECCERO, Attorney for Defendant